PER CURIAM.
Appellant-father appeals a post decretal order entered by the trial court continuing the award of the custody of a minor child of the parties to the maternal grandmother and awarding appellee-mother an attorney’s fee in the sum of $300.00.
This struggle for the custody of the parties’ three minor children[1] has been continuous since the complaint for divorce was filed by the mother on April 7, 1970. Custody of the minor children was initially awarded to the mother and was continued until August 26, 1974, at which time the trial court awarded custody of the two older minor children to the father and custody of the youngest child to Mrs. Betty Bur-kett, the maternal grandmother. In May of 1975, the father filed a petition to modify seeking custody of the youngest child. The mother answered and counterclaimed for custody of the three minor children.[2] The trial judge, in denying each party’s prayer for modification of the prior custody order, found that each had failed to prove a material change of circumstances that would warrant a modification. ' We agree.
As stated by the Department of Family Services in a report to the court: “. The only main problem involving the children is the constant bickering between the father, the mother, and the maternal grandmother, which we feel is having an emotionally damaging effect on . the children.” “Acrimonious” is a mild adjective to describe the conduct of the father toward the mother and maternal grandmother, who fully retaliated.
The award of attorney’s fees is reversed. The primary contest in these proceedings was between the father and the maternal grandmother. Custody of all three minor children was actively sought by the mother, but denied by the trial court. The record does not justify an award of attorney’s fees to the mother, who did not prevail.
Affirmed in part; reversed in part.
BOYER, C. J., RAWLS, J., and WARREN, LAMAR, Associate Judge, concur.

. The fourth and oldest minor child, a girl, was granted permission by the mother to marry when the child was 14 years old. This emancipated girl was separated from her husband and living with the father at the time the appealed order was entered.

. On July 14, 1975, the maternal grandmother filed a petition for writ of habeas corpus alleging that the father, in exercising his right of visitation with the youngest child, carried the child to his home and wrongfully withheld custody from the grandmother. The trial court granted the writ entitled “Custody Order”, finding that the maternal grandmother was “the lawful custodian of the said child”.